IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOSEPH JAY, | ) |
|     Petitioner, | ) Civil Action No. 2:25-cv-1468 |
| v. | ) Magistrate Judge Patricia L. Dodge |
| DISTRICT ATTORNEY OF ALLEGHENY COUNTY, *et al.*, | ) |
|     Respondents. | ) |

## MEMORANDUM

Before the Court[1] is Respondents' Motion to Dismiss (ECF 11) the Petition for a Writ of Habeas Corpus (ECF 5) filed by state prisoner Joseph Jay. Also before the Court is Jay's Motion for Leave to File an Amended Petition (ECF 15). For the reasons that follow, the Court will grant Respondents' Motion, dismiss the Petition (ECF 5) and the Motion for Leave to File an Amended Petition without prejudice to Jay filing another habeas case after he completes the exhaustion of all available state court remedies, and deny a certificate of appealability.

**II.     Relevant Background**

In May 2025, Jay appeared before the Court of Common Pleas of Allegheny County in Criminal Case No. CP-02-CR-7900-2023 for a jury trial on assault and related charges. The jury found Jay guilty of aggravated assault. On May 5, 2025, the trial court sentenced him to a term of 25 to 50 years of incarceration. (ECF 11-6.)

Jay, through his new court-appointed counsel, Attorney Brian McDermott, file a post-sentence motion in which he challenged the weight and sufficiency of the evidence supporting his

---

[1] In accordance with the provisions of 28 U.S.C. § 636(c)(1), the parties voluntarily consented to have a United States Magistrate Judge conduct proceedings in this case, including entry of a final judgment. (ECF 10, 16.)

conviction. (ECF 11-7, 11-8.) The trial court denied this motion on June 25, 2025. (ECF 11-13.) The following month, on July 24, 2025, Jay, through counsel, filed a direct appeal with the Superior Court of Pennsylvania. In his concise statement of matters on appeal, Jay asserted: (1) the trial court erred when it denied his post-sentence motion challenging the weight and sufficiency of the evidence; (2) his prosecution "was an abuse of the criminal process, as it sought to remove [him] from the land on which he was squatting so that the land could be developed"; (3) his "conviction resulted from selective prosecution by the Commonwealth in that similarly situated individuals were not prosecuted"; and (4) he "was denied the right to counsel when the trial court denied the Motion to Withdraw, and [he] had to choose between proceeding pro se immediately and remaining in jail if the case was postponed." (ECF 11-12 at p. 3.)

Jay's direct appeal is pending before the Superior Court at Docket Number 897 WDA 2025. Although he is currently exhausting his available state court remedies, Jay has filed in this Court a pro se Petition for a Writ of Habeas Corpus (ECF 5) challenging his May 5, 2025 judgment of sentence. In the Petition he raises some of the same claims he is litigating in his direct appeal. As relief, Jay seeks an order from this Court that "overturns" his conviction and directs that he be released from the custody of the Pennsylvania Department of Corrections, which currently houses him at SCI Forest.

Respondents have filed a Motion to Dismiss (ECF 11) the Petition because Jay is still exhausting his available state-court remedies. Jay has filed a Reply (ECF 13) and a Motion for Leave to File an Amended Petition (ECF 15.) A review of the proposed Amended Petition attached to Jay's Motion shows that he is seeking to assert claims he is now litigating in his appeal before the Superior Court as well as claims that he sought to raise in pro se state court filings. Jay blames his direct appeal counsel, Attorney McDermott, for "failing to sufficiently assert" his claims. (*Id.*)

2

**II.      Discussion**

State prisoners must complete the exhaustion of their available state-court remedies before a district court may determine the merits of their habeas claims. Congress codified this requirement at 28 U.S.C. § 2254(b) and (c). These provisions provide:

> (b)(1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that –
>
> > (A)   the applicant has exhausted the remedies available in the courts of the State; or
> >
> > (B)   (i) there is an absence of available State corrective process; or
> >
> > (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.
>
> - - -
>
> (c) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

The exhaustion requirement is "grounded in principles of comity; in a federal system, the States should have the first opportunity to address and correct alleged violations of state prisoner's federal rights." *Coleman v. Thompson*, 501 U.S. 722, 731 (1991). Federal court intervention would be premature whenever a state procedure still affords a petitioner with an opportunity to obtain relief from the judgment of sentence that he seeks to attack in a federal habeas proceeding. *See, e.g.*, *Lambert v. Blackwell*, 134 F.3d 506, 513 (3d Cir. 1998) ("The exhaustion requirement does not foreclose federal relief, but merely postpones it.").

The general rule is that the district court must dismiss a federal habeas petition when the petitioner has available remedies in state court. *See, e.g.*, *Rhines v. Weber*, 544 U.S. 269, 273-79 (2005) (discussing the general rule as set forth in *Rose v. Lundy*, 455 U.S. 509 (1982) and the

limited exception to it, which does not apply in this case).[2] That rule applies here. There is no basis to exempt Jay from the exhaustion requirement under either § 2254(b)(1)(B)(i) or (ii). He is litigating his claims of trial court and prosecutorial error in his direct appeal, which has not yet concluded. Once that direct appeal does conclude Jay can, if he chooses to do so, file in state court a petition for collateral relief under Pennsylvania's Post Conviction Relief Act ("PCRA"), 42 Pa. Cons. Stat. § 9541 *et seq.*, and raise his claims that his direct appeal counsel was ineffective.[3]

Therefore, the Court will grant Respondents' Motion (ECF 11) and dismiss the Petition (ECF 5) and Motion to file an Amended Petition (ECF 15) without prejudice to Jay commencing another federal habeas case if, after the exhaustion of his available state-court remedies, he does not receive the relief he seeks in state court. *See, e.g.*, *Ball v. Pennsylvania Dep't of Corr.*, No. 2:19-cv-76, 2019 WL 7906095, at *1 (W.D. Pa. Aug. 27, 2019), report and recommendation adopted, 2020 WL 709501 (W.D. Pa. Feb. 12, 2020) (dismissing without prejudice petitioner's habeas petition because he still had available to him state court remedies); *Hairston v. Beard*, No. 2:10-cv-1119, 2011 WL 5151951 (W.D. Pa. Oct. 28, 2011) (same).

---

[2] After Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), federal habeas courts were faced with how to resolve the interaction between AEDPA's one-year statute of limitations (codified at 28 U.S.C. § 2244(d)) and the pre-AEDPA rule set forth in *Lundy* that required that federal courts dismiss without prejudice habeas petitions that contain unexhausted claims. *Rhines*, 544 U.S. at 275. In *Rhines*, the Supreme Court held that in order to avoid predicaments that may arise in attempting to comply with AEDPA's statute of limitations while at the same time exhausting claims in state court, a state prisoner may file a "protective" habeas petition in federal court and ask the district court to stay the federal habeas proceeding until state remedies are exhausted. There is no reason to stay this case while Jay exhausts his state-court remedies. His judgment of sentence is not yet final and, therefore, AEDPA's statute of limitations has not even begun to run. *Gonzalez v. Thaler*, 565 U.S. 134, 149-54 (2012) (judgment becomes final under 28 U.S.C. § 2244(d)(1)(A) at the conclusion of direct review or the expiration of time for seeking such review).

[3] In Pennsylvania, a petitioner must raise claims of ineffective assistance of trial counsel and direct appeal counsel in a PCRA proceeding. *Commonwealth v. Grant*, 813 A.2d 726 (Pa. 2002) (abrogated in part on other grounds by *Commonwealth v. Bradley*, 261 A.3d 381 (Pa. 2021)).

4

**III.     Certificate of Appealability**

AEDPA codified standards governing the issuance of a certificate of appealability for appellate review of a district court's disposition of a habeas petition. It provides that "[u]nless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from…the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court[.]" 28 U.S.C. § 2253(c)(1)(A). It also provides that "[a] certificate of appealability may issue...only if the applicant has made a substantial showing of the denial of a constitutional right." *Id.* § 2253(c)(2). To the extent a certificate of appealability determination is required, *see Morton v. Dir. Virgin Islands Bureau of Corr.*, 110 F.4th 595, 600 (3d Cir. 2024), Jay is not entitled to one because jurists of reason would not find it debatable whether his Petition should be dismissed without prejudice because he is exhausting his available state-court remedies. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

**IV.     CONCLUSION**

Based on the above, the Court will grant Respondents' Motion to Dismiss (ECF 11) and dismiss the Petition (ECF 5) and the Motion for Leave to File an Amended Petition (ECF 15) without prejudice to Jay filing another habeas case after he has exhausted all available state court remedies, and deny a certificate of appealability.

An appropriate order follows.

Dated:  March 5, 2026                         /s/ Patricia L. Dodge
                                                              PATRICIA L. DODGE
                                                              United States Magistrate Judge